Terry E. MacKAY, Plaintiff–Appellant,

v.

Officer FARNSWORTH and Officer Tuttle, Defendants–Appellees.

No. 94–4073.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1995.

Terry MacKay, pro se.

Nancy L. Kemp, Asst. Atty. Gen., Jan Graham, Utah Atty. Gen., Salt Lake City, UT, for defendants-appellees.

Before KELLY and SETH, Circuit Judges, and KANE,* District Judge.

SETH, Circuit Judge.

Plaintiff Terry E. MacKay, an inmate at the Utah State Prison, appeals a district court order granting the defendant prison officers' motion for summary judgment.[1] Plaintiff brought this action pursuant to 42

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

U.S.C. § 1983 in which he alleged defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by not physically intervening in a fight between him and another inmate. We affirm, although on different grounds than those relied on by the district court. *See United States v. Sandoval,* 29 F.3d 537, 542 n. 6 (10th Cir. 1994).

We review the district court's grant of summary judgment de novo applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *See James v. Sears, Roebuck & Co.,* 21 F.3d 989, 997–98 (10th Cir.1994). We will affirm the district court's order if no material facts are disputed and the moving party is entitled to judgment as a matter of law. Rule 56(c).

The material facts are undisputed. During the fight, the other inmate was armed with a "shank" with which he stabbed plaintiff several times inflicting minor wounds. The shank bent each time plaintiff was hit. *See* Rec.Vol. 1, tab 33 at 4 (memorandum in opposition to defendants' motion for summary judgment) (other inmate "repeatedly attempted to make the shank an effective weapon by 'straightening it out' to stab again"). Defendants observed the fight through a window while ordering both inmates to "rack in" to their cells. The fight ended prior to defendants' physical intervention.

Defendants asserted they did not immediately intervene for several reasons which plaintiff does not contest. In accordance with prison policy directing the number of officers who must be present before they may physically intervene in an inmate altercation, defendants summoned back-up help. This policy was enacted to address safety concerns based on the high security level of inmates at the prison and the fact that an inmate disturbance might be a ruse designed to draw officers into a dangerous situation. Defendants further observed that the inmates appeared evenly matched and the shank was ineffective. Because plaintiff was bleeding, defendants summoned medical assistance.

The district court held that defendants' conduct should be evaluated under the malicious and sadistic standard employed when examining prison officials' conduct in responding to emergency situations, *i.e.,* whether defendants' nonintervention amounted to a malicious, tacit approval of brutality. *See Whitley v. Albers,* 475 U.S. 312, 318–26, 106 S.Ct. 1078, 1083–87, 89 L.Ed.2d 251 (1986). The court determined an emergency situation existed because defendants were responding to an unanticipated disruption which had the potential to jeopardize the safety of other individuals as well as the inmates involved. Therefore, defendants had to react immediately and under pressure. The court concluded that the fact that the fight terminated before defendants physically intervened did not mandate use of the lesser deliberate indifference standard.

█ On appeal, plaintiff argues, as he did below, that the deliberate indifference standard should apply. We agree.

"[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* —— U.S. ——, ——, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (quotation omitted). "[T]he failure to protect inmates from attacks by other inmates may rise to an Eighth Amendment violation if the prison officials conduct amounts to an obdurate and wanton disregard for the inmate's safety." *Northington v. Jackson,* 973 F.2d 1518, 1525 (10th Cir. 1992).

The Supreme Court has identified two standards by which prison officials' conduct may be evaluated in determining whether an inmate's Eighth Amendment rights were violated. The deliberate indifference standard is employed in conditions of confinement cases, *i.e.,* cases in which the officials' conduct "ordinarily [does not] clash with other equally important governmental responsibilities." *Whitley,* 475 U.S. at 319–20, 106 S.Ct. at 1084.

In cases where officials must take measures to resolve disturbances the "deliberate indifference standard does not adequately capture the importance of" the competing obligations of ensuring the safety of both the prison staff and the inmates themselves, nor does it "convey the appropriate hesitancy to

critique in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance." *Id.* In such a setting a court must look at whether the officials' actions were taken only to restore discipline or whether they acted " 'maliciously and sadistically for the very purpose of causing harm.' " *Id.* at 320–21, 106 S.Ct. at 1084–85 (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)).

Thus, while the Eighth Amendment imposes the requirement on prison officials to restore control in tumultuous situations, *see Buckner v. Hollins,* 983 F.2d 119, 121 (8th Cir.1993), "officials who fail to prevent an injury inflicted by fellow prisoners are liable only where those officials possess the requisite mental state," *Duane v. Lane,* 959 F.2d 673, 676 (7th Cir.1992).

" '[A]pplication of the deliberate indifference standard is inappropriate' in one class of prison cases: when 'officials stand accused of using excessive physical force.' " *Farmer,* —— U.S. at ——, 114 S.Ct. at 1978 (quoting *Hudson v. McMillian,* 503 U.S. 1, 5, 112 S.Ct. 995, 998–99, 117 L.Ed.2d 156 (1992)); *see also Buckner,* 983 F.2d at 122 (*Whitley* malicious and sadistic standard applies only in cases in which prison officials are accused of physically using excessive force). Therefore, we hold that the requisite mental state in situations where prison officials do not respond with the physical use of force is that of deliberate indifference. *See Farmer,* —— U.S. at ——, 114 S.Ct. at 1977; *Buckner,* 983 F.2d at 122; *Duane,* 959 F.2d at 676.

Under the deliberate indifference standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1984.

■ Here, the undisputed facts show no deliberate indifference on the part of prison officials. Defendants knew plaintiff faced a risk of harm. The measures they took to abate that harm were reasonable. Plaintiff admitted the guards were successful in attempting to break up the fight verbally. In deciding not to physically intervene immediately, the guards observed that plaintiff and the other inmate were evenly matched and that the shank was ineffective. Finally, defendants called for additional staff and medical personnel and thus were preparing to intervene when sufficient staff was available in accordance with prison policy. *See Bell v. Wolfish,* 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979) (we accord prison administrators wide-ranging deference in adoption of policies that "in their judgment are needed to preserve internal order and discipline and to maintain institutional security").

Plaintiff also argues the district court was biased against him because he had sent threatening letters to a magistrate judge on a different matter and he was improperly denied leave to amend his complaint. These issues were not raised below and we will not address them here, *see Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992) (this court will not consider an issue on appeal that was not raised below), other than to note that they are without apparent merit.

The judgment of the United States District Court for the District of Utah is AFFIRMED.