72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary HILTON, Plaintiff-Appellant,
v.
Aristedes ZAVARAS, Director; Ben Griego, Central
Classification Officer; Robert Furlong, Superintendent;
Donald Tornowski, Major; Richmond Murray, Major; Lloyd
Waide, Captain; Captain Jarvis; Captain Nutter; Judy
Lindsey, Defendants-Appellees.
 No. 95-1125.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Gary Hilton, a Colorado state prisoner incarcerated at the Limon Correctional Facility, appeals from an order dismissing his 42 U.S.C.1983 civil rights action that alleged violation of the Eighth Amendment prohibition against cruel and unusual punishment. We affirm.
 
 
 3
 Plaintiff's complaint alleged the following: plaintiff was incarcerated at the Limon facility in July 1993. On or about June 23, 1993, another inmate, Marvin Gray, was transferred from the Denver Diagnostic Unit to Limon. Defendants Zavaras, Griego, Furlong, and Murray had provided Gray a classification override from maximum security to close security to allow him to be housed at Limon, even though Gray had a long history of assaulting young inmates within the Department of Corrections and these defendants knew he had a pending charge for killing a young inmate with one punch in the county jail.
 
 
 4
 On July 15, 1993, a nondefendant unit sergeant told plaintiff to move to Unit Five where he would be sharing a cell with Gray until he was eligible for a single cell. Plaintiff was not informed of Gray's history of sexually assaulting inmates or asked if he was willing to share a cell with Gray.
 
 
 5
 On or about July 18, 1993, Gray attacked, beat, and sexually assaulted plaintiff for several hours in their cell. Plaintiff had no means of protecting himself from Gray, who is six feet tall, weighs 275 pounds, and holds powerlifting records. Plaintiff reported the incident to prison officials, but did not initially reveal his attacker's name. Defendants were later given sufficient information to arrest and charge Gray with sexual assault. Gray was moved to another double bunk cell where, on July 24, 1993, he sexually assaulted inmate James Mervin. Gray eventually was found guilty of assault and rape in a prison disciplinary proceeding and was transferred to a maximum security facility where he was segregated.
 
 
 6
 Defendants moved to dismiss and for summary judgment. They submitted affidavits from each of the defendants[2] denying any involvement in Gray's classification or the decision to place Gray in the same cell with plaintiff. Plaintiff filed documents in opposition to the motion for summary judgment.
 
 
 7
 The magistrate judge recommended the motion for summary judgment be granted because there was no evidence that any of the defendants personally participated in Gray's classification or the decision to place Gray in plaintiff's cell, and even if they were involved in those decisions, there was no evidence that they were aware Gray posed a threat to plaintiff before the assault. Plaintiff filed objections. Following a de novo review, the district court adopted the magistrate judge's recommendation. It specifically noted that plaintiff's exhibits failed to demonstrate defendants were aware Gray posed a threat to plaintiff before the assault.
 
 
 8
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). "Summary judgment is appropriate if 'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.' " Hagelin for President Comm. v. Graves, 25 F.3d 956, 959 (10th Cir.1994)(quoting Rule 56(c)), cert. denied, 115 S.Ct. 934 (1995). "[W]e construe the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Blue Circle Cement, Inc. v. Board of County Comm'rs, 27 F.3d 1499, 1503 (10th Cir.1994).
 
 
 9
 The Supreme Court recognizes that "[p]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994)(quotation omitted). The requisite mental state in cases where prison officials are not accused of using excessive physical force is that of deliberate indifference. MacKay v. Farnsworth, 48 F.3d 491, 493 (10th Cir.1995). Pursuant to this standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 114 S.Ct. at 1984.
 
 
 10
 Defendants contend there has been no showing that they knew Gray posed a threat to plaintiff before he assaulted plaintiff. We conclude summary judgment was proper for another reason.
 
 
 11
 "Personal participation is an essential allegation in a 1983 claim." Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). Defendants submitted affidavits denying any involvement with the decisions to classify Gray so that he could be housed at Limon or to place him in the cell with plaintiff. Plaintiff failed to submit an affidavit or other materials under Fed.R.Civ.P. 56(e) which would create a genuine issue for trial as to defendants' involvement in the classification or celling decisions.
 
 
 12
 The complaint does allege that certain defendants provided Gray a classification override so he could be housed at Limon, and that all defendants forced plaintiff to share a cell with Gray. When a motion for summary judgment is properly supported, however, the adverse party may not rest on mere allegations in his pleadings. Fed.R.Civ.P. 56(e). Although a complaint can be treated as an affidavit if it is properly verified and based on personal knowledge, Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991), here the complaint was not properly verified. Although plaintiff's signature on the complaint is notarized, plaintiff never declared that the allegations were true. We therefore must conclude there is no genuine issue of material fact concerning the defendants' personal involvement in any constitutional violation. Summary judgment was properly granted. We need not address defendants' remaining arguments.
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant Zavaras's affidavit--if one was filed--was not included in the record on appeal. Zavaras is the executive director of the Department of Corrections located in Colorado Springs