**UNITED STATES COURT OF APPEALS**
**Filed 12/5/96**
**TENTH CIRCUIT**

ANNA MCINTIRE,

        Plaintiff - Appellant,

    v.

BOWEN-LEAVITT INSURANCE
AGENCY, INC., a Utah corporation,

        Defendant - Appellee.

No. 95-4162

D. Utah

(D.C. No. 94-CV-1034)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

The sole question in this appeal is whether Bowen-Leavitt Insurance Agency, Inc. ("Bowen-Leavitt"), was an "employer" within the meaning of Title VII of the Civil

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rights Act, 42 U.S.C. §§ 2000e-e17, or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, during 1990, 1991 or 1992. Anna McIntire filed suit against Bowen-Leavitt alleging employment discrimination in violation of Title VII and ADEA. McIntire also asserted various state claims against Bowen-Leavitt. The district court granted summary judgment in favor of Bowen-Leavitt on the Title VII and ADEA claims on the ground that Bowen-Leavitt was not an employer as defined by either Act. Lacking subject matter jurisdiction, the court dismissed the remaining state claims without prejudice.[1] We affirm.

## BACKGROUND

McIntire began working for Bowen-Leavitt as an insurance agent in July, 1991. She held that position until her termination in October, 1992. She filed suit on October 21, 1994, claiming, among other things, that Bowen-Leavitt had discriminated against her on the basis of national origin, gender, and age in violation of Title VII and ADEA.

Bowen-Leavitt moved for summary judgment on the Title VII and ADEA claims, asserting that it had not employed the jurisdictional minimum number of employees under either Act. Title VII defines an employer as one who has "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding

---

[1]Previously, the district court had dismissed with prejudice two of McIntire's state claims on the grounds that those claims were preempted by the Utah Worker's Compensation Act, Utah Code Ann. § 35-1-60. McIntire did not appeal that ruling.

calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). ADEA defines an employer as one who has "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630. Because McIntire worked for Bowen-Leavitt during 1991 and 1992, Bowen-Leavitt argued that 1990, 1991, and 1992 were the only years relevant to determining whether it met the statutory definition of an "employer." Bowen-Leavitt asserted that it had never employed fifteen or more persons for each working day in each of twenty weeks during any of those years.

Pursuant to Fed. R. Civ. P. 56(f), McIntire requested that the district court delay summary judgment until she had time to conduct adequate discovery. The district court denied Bowen-Leavitt's motion for summary judgment, and granted McIntire nearly two months in which to conduct discovery on the issue of whether Bowen-Leavitt met the statutory definition of an employer under either Act.

After the additional discovery period, Bowen-Leavitt brought a second motion for summary judgment alleging the same jurisdictional defect. In reply, McIntire argued that Bowen-Leavitt had failed to count as employees three classes of persons who regularly received referral fees or commissions from Bowen-Leavitt. These alleged employees included: (1) Far West Bank employees who occasionally directed potential customers to Bowen-Leavitt, for which they received a small referral fee; (2) independent insurance agents who at times placed insurance through Bowen-Leavitt and received a portion of

- 3 -

the commission in return; and (3) licensed insurance agents employed by other companies who placed insurance through Bowen-Leavitt and received a commission in return. If these persons were counted as employees, McIntire urged, Bowen-Leavitt would meet the jurisdictional definition of an "employer." McIntire also relied upon a Utah Anti-Discrimination Division ("UADD") document which states that "records from the Utah Department of Employment Security indicate that [Bowen-Leavitt] employs more than 15 employees." R.A. Vol. II, Exhibit D, attached to Pl.'s Mem. Opp'n Summ. J.[2]

The district court granted summary judgment dismissing McIntire's Title VII and ADEA claims on September 22, 1995. McIntire filed her notice of appeal on the same day.[3] She then filed a motion for reconsideration in the district court on September 29, 1995, and a supplemental motion for reconsideration on October 6, 1995. Pursuant to Fed. R. App. P. 4(a)(4), this appeal was tolled pending the disposition of the motions for reconsideration. The district court denied the first motion on June 5, 1996, and the supplemental motion on August 15, 1996. This appeal was reactivated.

---

[2]Prior to initiating this action, McIntire filed a charge of discrimination with UADD. At McIntire's request, UADD referred the charge to the Equal Employment Opportunity Commission ("EEOC"). EEOC dismissed the charge on the grounds that there was no employee/employer relationship.

[3]McIntire's notice of appeal references the "Summary Judgment to Dismiss, entered in this action on the 25th day of August, 1995." August 25th is the day the district court issued an oral ruling. The order was filed September 22, 1995.

## DISCUSSION

On appeal, McIntire raises many arguments not before the district court at the time it entered summary judgment. Some of these arguments were raised for the first time in McIntire's motions for reconsideration, others are raised for the first time on appeal. McIntire also relies on several documents, submitted with her appellate brief, that were not part of the district court record at the time of summary judgment. Bowen-Leavitt filed a timely motion to strike several of these documents as not properly before this court. McIntire did not respond to this motion.

Following the denial of her motions for reconsideration, McIntire did not amend her notice of appeal. A premature notice of appeal that ripens at a later date confers jurisdiction only over orders that exist at the time it is filed. Nolan v. United States Dep't of Justice, 973 F.2d 843, 846-47 (10th Cir. 1992); Fed. R. App. P. 4(a)(4) (appellate review of an order disposing of a motion for reconsideration requires the party to amend a previously filed notice of appeal). Therefore, this court will review only the summary judgment entered on September 22, 1995, and will not consider any issue or evidence that was not before the district court at that time. See MacKay v. Farnsworth, 48 F.3d 491, 493 (10th Cir. 1995) (this court will not consider an issue on appeal that was not raised below); United States v. Farnsworth, 92 F.3d 1001, 1009 n.5 (10th Cir. 1996) (documents attached to the appellate brief that were not before the district court will be stricken).

Accordingly, we grant Bowen-Leavitt's motion to strike exhibits C, D, F, G, H, I, M, T, U, V, and W, all submitted as an appendix to McIntire's appellate brief.

After reviewing the record, we find that only two of McIntire's arguments on appeal were raised by her in the district court prior to summary judgment: first, that the district court should have counted as employees the three classes of persons, previously described, who received referral fees or commissions from Bowen-Leavitt;[4] and, second, that the UADD document creates a genuine issue regarding whether Bowen-Leavitt employed the jurisdictional minimum under Title VII. We consider only these arguments.[5]

---

[4]McIntire asserts that Bowen-Leavitt "must include all individuals subject to worker protection, when considering whether it employed 15 or more employees." Appellant's Br. at 8. She also states that Bowen-Leavitt "made it clear that certain individuals, like Mr. Robert Taylor, referred to as an independent contractor, insurance agent or broker, were not included as employees for Title VII coverage." Id. at 10-11. McIntire does not specify these "certain individuals," but we will assume she refers to the same individuals that were the subject of her argument in the district court.

[5]McIntire has not directed our attention to, nor have we found, where any of the following issues were raised by her in the district court prior to summary judgment: whether the district court should have considered 1993 as a relevant year; whether Bowen-Leavitt is an agent of Securities Enterprises Limited; whether Bowen-Leavitt improperly withheld the backside of a UADD document; and whether the district court should have granted McIntire more time to develop her claims. With respect to this last argument, we note that a need for additional time was the reason the district court denied Bowen-Leavitt's first motion for summary judgment. In responding to the second motion for summary judgment, McIntire did not ask for more time.

McIntire also argues that Bowen-Leavitt and Securities Enterprises Limited should be considered a "single employer." In responding to Bowen-Leavitt's first motion for summary judgment, McIntire alluded to this potential theory as one reason she needed

(continued...)

- 6 -

### 1. Persons Receiving Referral Fees or Commissions

Neither Title VII nor ADEA defines "employee." The Supreme Court has directed that when Congress provides no more than a nominal definition of that term, courts should apply common-law agency principles to determine whether a person qualifies as an employee. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323 (1992).[6] The primary inquiry under common-law principles is whether the hiring party controls the means and manner by which work is accomplished. Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1028 (10th Cir. 1996). Other relevant factors include, but are not limited to, the type of occupation and the skill required; the source of equipment and place of work; the length of time the individual has worked; whether the hiring party has

---

[5](...continued)
additional discovery. The theory is also referenced obscurely in paragraph two of her first amended complaint: "Defendant is affiliated with certain other agencies/entities, which make it an employer pursuant to U.S.C. §§ 2000e-5(f) and 1343(4)." We cannot find, however, where she argued or at all elaborated upon this theory, and we will not consider it on appeal. See Rademacher v. Colorado Ass'n of Soil Conservation Dist. Med. Benefit Plan, 11 F.3d 1567, 1571-72 (10th Cir. 1993) (this court will hear matters not argued below only in "the most unusual circumstances").

[6]Bowen-Leavitt argues that this court should apply the "hybrid" test, which is a combination of the common-law right to control and the "economic realities" test. See Oestman v. National Farmers Union Ins. Co., 958 F.2d 303, 305 (10th Cir. 1992). We have recently explained, however, that the common-law test described by Darden is in practice largely indistinguishable from the hybrid approach historically applied by the Tenth Circuit in Title VII cases. Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1028 (10th Cir. 1996) (approving the district court's application of the hybrid approach because it is not materially different than common-law agency principles). Thus, while we would reach the same result under either approach, we apply the common-law test in accordance with Darden.

the right to assign additional projects to the worker; the extent of the hired party's discretion over when and how long to work; the method of payment; whether the work is part of the regular business of the hiring party; and the tax treatment of the hired party. Darden, 503 U.S. at 323. No single factor is dispositive. Id. at 324.

McIntire argues that the Far West Bank personnel who occasionally direct potential customers to Bowen-Leavitt must be counted as employees. This is without merit. The only basis McIntire offers for finding these individuals to be employees is that Bowen-Leavitt paid them a small fee for referrals. McIntire does not offer any evidence showing that Bowen-Leavitt controlled, in any way whatsoever, the means and manner of their work.

McIntire also fails to raise any genuine issue with respect to her argument that the independent insurance agents were Bowen-Leavitt employees. The evidence offered by McIntire shows that these individuals "had other full-time jobs or had retired from full-time work for other employers and sold some insurance to supplement their income." R.A. Vol. II, Aff. of L. Albert Bowen at ¶ 16, attached as Ex. A to Pl.'s Mem. Opp'n Summ. J. These agents solicited and serviced their own policies, but wrote them through Bowen-Leavitt. Id. Bowen-Leavitt issued these agents Internal Revenue Service 1099 forms for each year they received commissions. Id. at ¶ 17. Contrary to McIntire's assertions, this evidence does not indicate an employee status. Nothing in the record suggests that Bowen-Leavitt had control over when, how long, or even if, these agents

worked. While these agents admittedly solicited insurance--the same business regularly engaged in by Bowen-Leavitt--McIntire has not demonstrated the satisfaction of any other factors relevant to the common-law test.

Equally flawed are McIntire's arguments with respect to the insurance agents employed by other companies. McIntire's evidence shows that these agents were "affiliated with other insurance agencies, who would occasionally had [sic] a policy need which could not be written by the agency for which they worked. Bowen-Leavitt acted as broker in such cases and wrote the policy, but the agent continued to service the account." Id. at ¶ 18. These agents also were paid by commission, and were issued 1099 forms reflecting such payments. Again, McIntire has not explained how these agents were subject to Bowen-Leavitt's control in any way.

In this respect, we are not persuaded by McIntire's reliance on a phone book advertisement for Bowen-Leavitt listing the names of Bob Taylor and Wayne Rigby, and on a service agreement between Bob Taylor and Bowen-Leavitt. First, McIntire does not explain how the advertisement indicates an employer-employee relationship as opposed to any other affiliation. Second, the service agreement explicitly provides that Taylor is an independent contractor. R.A. Vol. II, Service Agreement attached to Def.'s Reply Br. Supp. Summ J. Taylor operates his own insurance agency, maintains separate files and a separate trust account, and reports his income and expenses on Schedule C of his federal income tax return. See Oestman, 958 F.2d at 306 (finding an agent to be an independent

contractor, rather than an employee, under similar facts).  While Taylor has office space in the Bowen-Leavitt building and uses some of the firm's equipment, his commission-splitting agreement with Bowen-Leavitt takes into account the value of these amenities. Under common-law agency principles, his relationship with Bowen-Leavitt is most accurately described as an independent contractor.[7]

### 2.     The UADD Document

McIntire relies on a UADD document which states that "records from the Utah Department of Employment Security indicate that Respondent employs more than 15 employees."  The document is unsigned and undated.  It does not indicate within what, if any, statutory time period the fifteen-employee minimum was supposedly satisfied. Despite the time allowed for discovery, McIntire did not provide the district court with the records referenced in the document.  The document does not preclude summary judgment.  See Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993) (summary judgment is appropriate where the evidence is merely colorable or is not significantly probative).

---

[7]McIntire also argues that Leo Bowen, the father of Bowen-Leavitt's manager, should be considered an employee.  Leo Bowen does some gardening around Bowen-Leavitt's office, and takes deposits to the bank.  Leo Bowen received only fleeting mention in the district court.  In any event, his status is not relevant to our disposition. Even if Leo Bowen is counted as an employee, Bowen-Leavitt still employed less than fifteen people during the relevant period.

**CONCLUSION**

Bowen-Leavitt's motion to strike is GRANTED.  The order of the district court granting summary judgment and dismissing McIntire's Title VII, ADEA, and state claims is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge