**Mark Edward DOWLING Plaintiff,**

v.

**Robert HANNIGAN, et al., Defendants.**

**No. 94–3467–KHV.**

United States District Court,
D. Kansas.

Jan. 30, 1998.

Robert J. Hoffman, Nilesh Patel, Bryan Cave LLP, Kansas City, MO, for Plaintiff.

Lawrence J. Logback, William Scott Hesse, Hsing Kan Chiang, Office of Attorney General, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant Lt. Brown's Motion for Summary Judgment* (Doc. #134) filed December 1, 1997. Plaintiff, a former inmate at Hutchinson Correctional Facility (HCF), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendment rights by failing to protect him from attack by a fellow inmate.

### I. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a summary judgment motion, the court considers the evidence and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The existence of factual disputes is not an automatic preclusion to the grant of summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### II. Facts

The following material facts are uncontroverted or, where controverted, viewed in the light most favorable to plaintiff.

On August 8, 1994, Correctional Officer Michael W. Bennett received a note informing him that a drug transaction was to take place that evening at HCF in cell B1–126. When officers went to the cell to investigate, they found inmate Danny Lyman and a small quantity of a substance they believed to be marijuana. Three days later, on the afternoon of August 11, 1994, defendant Brown received an unsigned note. It stated that Lyman was going to attempt to injure or kill an inmate named Mark, in cell 128, because Mark had informed authorities about Lyman's drug transaction. Lt. Brown notified Captain VanHoose, the supervising officer, about the note and recommended that Lyman be searched before the evening meal. Prison authorities searched Lyman before the evening meal and denied him yard privileges. That evening, prison authorities also searched Lyman's cell.

The following day, August 12, 1994, Lt. Brown interviewed Lyman about the accusations in the note. Lyman denied them. Prison authorities did not contact plaintiff regarding the note, and later that day, Lyman attacked plaintiff with a weapon fashioned from a razor blade and a toothbrush handle. Plaintiff suffered injuries to his face and throat.

At the time Lt. Brown received the note, Hutchinson Correctional Facility General Order, No. 09–117, offered "controlling guidance" to the Intelligence and Investigation Unit of HCF. Subsection VI(A)(5) of that General Order provided as follows:

> Anonymous tips or unsupported allegations shall not be the sole basis for conducting investigations or proposing of disciplinary action. Such information which involves the security of the facility or the safety of the persons shall be brought to the attention of the Chief of Security to initiate the preventative action he deems necessary.

Plaintiff filed this action under 42 U.S.C. § 1983, suing Lt. Brown in his official and individual capacities and alleging that defendant violated his rights under the Fifth, Eighth and Fourteenth Amendment by failing to protect from attack by a fellow inmate.

### III. Eighth Amendment [1]

Prisoners have a constitutional right under the Eighth Amendment to rea-

---

1. Although plaintiff also alleges that defendant's conduct violated his rights under the Fifth and

sonable protection from attacks by other inmates. *Berry v. City of Muskogee*, 900 F.2d 1489, 1498 (10th Cir.1990). Failure to protect an inmate from attacks by other inmates may give rise to an Eighth Amendment violation. *Blankenship v. Meachum*, 840 F.2d 741, 742 (10th Cir.1988). A prisoner's claim for failure to protect must be evaluated under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97, 103–07, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), as reiterated recently in *Farmer v. Brennan*, 511 U.S. 825, 826–28, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifference standard, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir.1995) (quoting *Farmer*, 511 U.S. at 847). Prison officials may still be free from liability in situations where the harm ultimately occurs if the officials responded reasonably to the risk of that harm. *Farmer*, 511 U.S. at 844–45.

■ Defendant claims that his reaction to the anonymous note was both immediate and reasonable and that he is therefore entitled to judgment as a matter of law, even though his efforts were ultimately unsuccessful, because he complied with General Order 09–117. Specifically, defendant argues that under the General Order, an unsigned note shall not be the sole basis for an investigation and any action must be the result of a directive from the Chief Security Officer. Defendant claims that in failing to investigate Lyman's handwriting or determine whether Dowling had informed on Lyman, he was only following General Order 09–117. Defendant asserts that while he initiated some preventive action by recommending the search of Lyman's person and cell and denial of yard privileges, he had no duty under the General Order to either investigate or warn plaintiff of the threat.

Plaintiff asserts that defendant cannot shield himself from liability by invoking General Order 09–117 because he failed to disclose this document until well after the deadline for initial disclosures under Rule 26(a), Fed.R.Civ.P. Plaintiff also asserts that on its merits, the General Order does not shield defendant from liability. As to the latter argument, the Court agrees.

Lt. Brown filed a previous motion for summary judgment on October 1st, 1996. *Defendants' Motion for Summary Judgment* (Doc. # 59). The Court overruled that motion, stating that a reasonable jury could find for the plaintiff on the record before it. *Dowling v. Hannigan*, 968 F.Supp. 610, 613 (D.Kan.1997). Except for the fact that Lt. Brown has identified General Order 09–117 as "controlling policy," the record now is the same as it was then. The General Order does not clarify disputed facts, however, nor does it establish the controlling law. Whether defendant's actions rise to the level of deliberate indifference is still in dispute. A reasonable jury could still return a verdict for plaintiff. Therefore, summary judgment is inappropriate at this time.

## IV. Immunity

■ Defendant asserts that he is protected by Eleventh Amendment immunity. Eleventh Amendment immunity bars suit against the State of Kansas and its agencies

---

Fourteenth Amendments, his claim—which is essentially a cruel and unusual punishment claim—is properly analyzed under the Eighth Amendment. The Fifth and Fourteenth Amendments prohibit punishment prior to an adjudication of guilt in accordance with due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The Fifth Amendment protects against deprivations of life, liberty or property by the federal government, which plaintiff does not allege in this case. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1492 n. 2 (10th Cir.1990). Moreover, where government conduct is constrained by an explicit textual source of constitutional protection—such as the Eighth Amendment's prohibition against cruel and unusual punishment—"that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Id.* at 1494, citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). While cases involving the safety and bodily integrity of convicted prisoners implicate both the Eighth and the Fourteenth Amendment, the Eighth Amendment provides the primary source of protection, and the standards under the amendments are identical. *Berry*, 900 F.2d at 1494 n. 6. The Court therefore applies Eighth Amendment standards in evaluating plaintiff's claims.

or departments. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the state official but rather is a suit against the official's office." *Will,* 491 U.S. at 71. A suit against the official's office is barred by Eleventh Amendment immunity. In his complaint, plaintiff sued Lt. Brown in both his official and his individual capacities. To the extent that suit is against defendant in his official capacity, it is barred by the Eleventh Amendment.

■ Defendant asserts that he is also protected by the doctrine of qualified immunity. Qualified immunity shields defendant from pecuniary liability unless he violated "clearly established" constitutional or statutory norms. *Anderson v. Creighton,* 483 U.S. 635, 639–640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Defendant is entitled to this defense if his conduct was objectively reasonable in the light of clearly established law and the information defendant possessed at the time. *Martin v. Board of County Comm'rs,* 909 F.2d 402, 405 (10th Cir.1990). The Tenth Circuit has set forth the proper method of analysis when the qualified immunity defense is raised on summary judgment:

> Once the defense has been raised and the plaintiffs have met their burden of identifying both the clearly established law that the government official is alleged to have violated and the conduct that violated that law, the defendant must demonstrate that no material issues of fact remain as to whether his or her actions were objectively reasonable in the light of the law and the information he or she possessed at the time. A defendant who makes such a showing of objective reasonableness is entitled to summary judgment unless the plaintiff can demonstrate that there are factual disputes relevant to the defendant's claim to immunity.

*Id.*

■ It is well established that prisoners retain constitutional rights even while incarcerated. *Bell v. Wolfish,* 441 U.S. 520, 545, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Under law that has been clearly established at least since 1990, prisoners have a constitutional right to reasonable protection from attacks by other inmates. *Berry,* 900 F.2d at 1498. The question in this case is whether defendant's conduct was objectively reasonable in light of the deliberate indifference standard used to evaluate failure to protect claims under the Eighth Amendment. That question is the central dispute in this case, and genuine issues of material fact prevent the Court from making such a decision on summary judgment. Summary judgment on the question of qualified immunity is therefore inappropriate.

**IT IS THEREFORE ORDERED** that *Defendant Lt. Brown's Motion for Summary Judgment* (Doc. # 134), filed December 1, 1997 be and hereby is overruled.