**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RANDALL WILLIAMS,

      Plaintiff-Appellant,

v.

U-HAUL COMPANY OF
COLORADO,

      Defendant-Appellee.

No. 98-1046
(D.C. No. 96-WY-1845-CB)
(D. Colo.)

ORDER AND JUDGMENT *

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Randall Williams appeals from an order of the district court granting defendant's motion to dismiss for failure to state a claim. We affirm.

Mr. Williams commenced this action in district court alleging that defendant had discriminated against him on the basis of his race. Mr. Williams claimed that newly hired white employees were paid more than he was, although he had more experience with the company. He stated that he was told executives in the company used racial slurs and wanted to fire him because of his race.

The district court dismissed Mr. Williams complaint holding that he had not shown he was paid less than similarly situated Caucasian employees or that he was rejected for a position for which he was qualified. The court noted that the pleadings showed Mr. Williams had been given the raise he had requested. The court also determined that Mr. Williams had not shown retaliation.

On appeal, Mr. Williams raises the new issue that management did not attempt to adjust his work duties to accommodate his foot and back pain. Mr. Williams also submits materials not presented to the district court to support this argument. As we do not consider arguments raised for the first time on appeal, see MacKay v. Farnsworth, 48 F.3d 491, 493 (10th Cir. 1995), we will not address any issues Mr. Williams raises regarding his physical impairments.

We review de novo the district court's grant of a motion to dismiss. See Steele v. United States, 19 F.3d 531, 532 (10th Cir. 1994). While we hold pro se

pleadings to a less stringent standard than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we will uphold the dismissal of a pro se complaint if, accepting the facts alleged as true, they cannot provide a basis for relief, see Coosewoon v. Meridian Oil Co., 25 F.3d 920, 924 (10th Cir. 1994). In order to state a claim, all litigants must support their allegations with well-pleaded factual contentions, not just conclusory allegations. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

To establish a prima facie case of job discrimination, a plaintiff must show that, as a member of a protected class, he was discharged for violating a work rule, while similarly situated nonminority employees were treated differently. See EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir. 1992). Mr. Williams did not show he was treated differently from nonminority employees. Indeed, he made only conclusory allegations regarding his treatment.

To establish a prima facie case of failure to promote on the basis of race, a plaintiff must show that as a member of a racial minority, he applied for, and was qualified for, a vacant job, but despite his qualifications he was rejected, and his employer continued to seek applicants with his qualifications. See Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1368-1369 (10th Cir. 1997). Mr. Williams did not allege that he applied for any vacant position.

To establish a prima facie Title VII retaliation claim, the plaintiff must show that, while he was opposing discrimination, he was subjected to adverse employment actions and there was a causal connection between his protected activities and the adverse employment action.  See Murray v. City of Sapulpa, 45 F.3d 1417, 1420 (10th Cir. 1995).  Mr. Williams has not made this showing.

To establish a prima facie case of discriminatory unequal pay, a plaintiff must show that a co-worker outside his protected class, performing similar work, was compensated at a higher rate.  See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1363 (10th Cir. 1997).  Disparate salary alone is not sufficient to make out an actionable Title VII case of discrimination.  See Bazemor v. Friday, 751 F.2d 662, 670 (4th Cir. 1984), aff'd in part, rev'd in part on other grounds, 478 U.S. 385 (1986) (per curiam).  Mr. Williams alleged that some new employees were hired at a higher salary than he was.  He did not show that any nonminority employees who earned more than he were comparably qualified.

Upon review of the parties' briefs on appeal and the record, we AFFIRM the judgment of the district court for substantially the reasons stated in its order

of January 14, 1998.    Mr. Williams' motions to supplement the record with materials not presented to the district court, for a free transcript, and to correct error are DENIED.  The mandate shall issue forthwith.


                                        Entered for the Court


                                        James E. Barrett
                                        Senior Circuit Judge