**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NATHANIEL W. ELLIBEE,

Plaintiff-Appellant,

v.

JAMES G. CHAPPAS, Officer,
Kansas Supreme Court, acting in his
official and individual capacity;
LLOYD R. GRAHAM, Officer,
Kansas Supreme Court, acting in his
official and individual capacity,

Defendants-Appellees.

No. 06-3406
(D.C. No. 03-CV-3023-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Nathaniel Ellibee, a pro se prisoner, appeals for a second time his case

against James Chappas and Lloyd Graham, both of whom are attorneys previously

retained by Ellibee. The district court dismissed Ellibee's various federal and

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state claims, and on initial appeal, we affirmed the dismissal of his federal claims, but reversed the district court's ruling on the state claims. On remand, the district court granted summary judgment in favor of both defendants, and Ellibee now appeals that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The history of this case is well-known to the parties and need not be recited here. Suffice it to say that the dispute arose from defendants' representation of Ellibee in various matters. For purposes of this appeal, the point of contention is whether the district court was correct to grant summary judgment for defendants. We review the grant of summary judgment de novo, applying the same standard as the district court under Fed. R. Civ. P. 56(c). *MacKay v. Farnsworth*, 48 F.3d 491, 492 (10th Cir. 1995). "Summary judgement is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). We also review the district court's determinations of state law de novo. *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991).

Ellibee contends the district court overlooked material facts in granting summary judgment in favor of Chappas. Specifically, he claims there was a disagreement over whether his fee agreement with Chappas was hourly or for a flat-fee. He also disputes the purpose of a sum of money he paid to Chappas.

We have thoroughly reviewed the district court's order, the record on appeal, and the parties' briefs, and conclude that the district court reached the

correct disposition. The district court's analysis of the facts, particularly those now challenged by Ellibee, was detailed, accurate, and complete, leaving nothing for us to add.

As for his claim against Graham, Ellibee asserts the district court misconstrued his cause of action as a tort claim rather than a breach of contract action. Ellibee contends that his claim sounded in contract and should therefore be afforded a three-year statute of limitations for such claims rather than barred by the two-year limitations period governing tort claims. He also disputes the accrual date of his cause of action.

We discern no error. The appellate record indicates that Ellibee's action sounded in tort and accrued no later than January 6, 2001. His materials give us no cause to conclude otherwise. Accordingly, having reviewed the record on appeal, the parties' briefs, and the district court's orders, we affirm the grant of summary judgment in favor of Chappas and Graham for substantially the same reasons as those articulated by the district court in its orders dated October 23, 2006.

The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge