**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GORDON NITKA, an individual,

      Plaintiff - Appellant,

v.

NELNET, INC., a Nebraska corporation,

      Defendant - Appellee.

No. 18-1177
(D.C. No. 1:17-CV-00495-LTB-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **BALDOCK**, Circuit Judges.

Plaintiff Gordon Nitka brought this pro se lawsuit against the company that

services his federal student loans, Defendant Nelnet, Inc. According to the allegations in

the complaint, Defendant began servicing Plaintiff's student loans in 2011. The

repayment of his loans was to begin in December 2013 and January 2014, but Plaintiff

did not make any payments. In May 2014, after his loans had gone over ninety days past

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

due, he contacted Defendant, which offered him the option of an unemployment deferment until November 2014. "By accepting the terms of the deferment, Plaintiff was temporarily excused from his payment obligations on his loans but, in exchange, would incur an increase to the principal sums (capitalized principal) in his . . . loans." (R. at 20.) "In consideration for accepting the deferment, [Defendant], by and through its agent(s), offered to offset the account balance – bringing it to zero ($0) – and to back-date the deferment such that it would begin on January 1, 2014." (*Id.*) Plaintiff alleges that Defendant is violating this agreement by continuing to report to credit-reporting agencies that Plaintiff missed several loan payments after January 1, 2014.

Plaintiff's complaint raised six claims for relief based on Defendant's failure to remove the missed-payment reports from his credit information. Specifically, he alleged a violation of the Fair Credit Reporting Act, two violations of the Fair Debt Collection Practices Act, breach of contract, intentional infliction of emotional distress, and fraud. His FCRA claim was based on both 15 U.S.C. § 1681s–2(a) and 15 U.S.C. § 1681s–2(b).

Defendant filed a motion to dismiss the first four claims of the complaint, expressly declining to address the emotional distress and fraud claims. The motion was referred to a magistrate judge, who recommended dismissal of the four claims addressed in the motion to dismiss. The magistrate judge expressly recommended dismissal with prejudice of (1) the FCRA claim, to the extent it was based on 15 U.S.C. § 1681s–2(a), and (2) the breach of contract claim. The magistrate judge did not specify whether the

dismissal of the two FDCPA claims and the § 1681s–2(b) portion of the FCRA claim should be with or without prejudice. Defendant filed an objection in which it asked the district court to dismiss the two FDCPA claims with prejudice but did not make the same request as to the § 1681s–2(b) FCRA claim. Plaintiff also filed his own objections to the magistrate judge's recommendation, conceding that his FCRA claim could not be based on § 1681s–2(a) but arguing that his complaint otherwise stated valid claims for relief.

The district court entered a short order stating that it had reviewed all of the parties' objections and concluded that the magistrate judge's recommendations were correct, with the clarification that dismissal should be with prejudice. The district then "ORDERED that the Magistrate Judge's Recommendation is accepted as clarified, Defendant's Motion to Dismiss (Doc 9) is GRANTED, and Plaintiff's Complaint is DISMISSED WITH PREJUDICE." (R. at 287.) The court then entered final judgment against Plaintiff, dismissing his entire complaint—and this civil action—with prejudice. This appeal followed.

We begin by addressing Plaintiff's fraud and intentional infliction of emotional distress claims, which were dismissed along with the rest of his complaint even though Defendant had not sought dismissal of these claims and they were never mentioned by either the magistrate judge or the district court. Defendant urges us to assume that the district court "properly exercised [its] authority to dispose of [these] meritless tort claims." (Appellee's Br. at 30.) The record does not support this characterization of the

district court's ruling. Nothing in the briefing or in the district court's order suggests that the district court intended to implicitly dismiss claims that were never addressed by the parties or mentioned by the court. Rather, the record suggests the district court simply overlooked the fact that the magistrate judge's recommendation did not resolve all of the claims in the complaint. We therefore agree with Plaintiff that the district court erred in dismissing the entire complaint without considering these two unmentioned claims. Although Defendant urges us to affirm the dismissal of these claims for reasons that were never argued below, we conclude that these issues should be resolved by the district court in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). We accordingly reverse the dismissal of these two claims and remand for further proceedings before the district court.

We turn then to Plaintiff's FCRA claim. Plaintiff concedes that he cannot assert a claim under § 1681s–2(a) but argues that he asserted a valid claim under § 1681s–2(b). The magistrate judge recommended dismissal of this claim because the complaint did not allege that Plaintiff initiated the verification and correction process by notifying credit-reporting agencies of the dispute. *See Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012). Even viewing the allegations in the complaint in the light most favorable to Plaintiff, we agree with the magistrate judge that the complaint does not allege the facts necessary to state a claim under § 1681s–2(b). However,

Plaintiff argues in the alternative that the district court should not have dismissed this claim with prejudice but should instead have allowed him to amend his complaint to allege that he notified credit-reporting agencies of his dispute with Defendant. Defendant does not dispute that Plaintiff could have amended his complaint to include this allegation if his FCRA claim had not been dismissed with prejudice, but Defendant contends that amendment would be futile because the information Defendant reported to the credit-reporting agencies was factually correct and thus Plaintiff cannot succeed on a claim under § 1681s–2(b). Again, this argument was not addressed below, and we are persuaded that we should not resolve it in the first instance on appeal. *See Singleton*, 428 U.S. at 120. We accordingly affirm the dismissal of this claim but remand for the district court to address Plaintiff's argument that the dismissal should be modified to be without prejudice and with leave to amend.

As for Plaintiff's two FDCPA claims, the magistrate judge recommended dismissal on the ground that Defendant is not a "debt collector" for purposes of the FDCPA because Plaintiff's claims "concern[] a debt which was not in default at the time it was obtained by [Defendant]." (R. at 240 (quoting 15 U.S.C. § 1692a(6)(F)(iii)).) Plaintiff argues that this conclusion was erroneous because further discovery could have revealed that Defendant transferred Plaintiff's student loans to some subsidiary after they went into default, and thus there could theoretically be a subsidiary of Defendant that could be sued as a "debt collector" under the FDCPA. Even if this argument were not

waived by Plaintiff's failure to raise it before the district court, *see MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995), we would find it to be unpersuasive because, among other things, the complaint and the promissory notes referenced therein indicate that the loans never went into default at all. Plaintiff raises no other arguments to challenge the dismissal of his two FDCPA claims. We therefore affirm the dismissal of these claims.

In his opening brief, Plaintiff generally challenges the dismissal of all of his claims, but he does not raise any legal arguments specifically addressing his breach of contract claim. "Arguments not clearly made in a party's opening brief are deemed waived," and we have "not hesitated to apply this waiver rule . . . even to [litigants] who proceed pro se and therefore are entitled to liberal construction of their filings." *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012). Plaintiff has thus waived any challenges to the dismissal of his breach of contract claim.

For the foregoing reasons, we **AFFIRM** the dismissal with prejudice of Plaintiff's breach of contract claim, FDCPA claims, and FCRA claim to the extent it is based on § 1681s–2(a). We **AFFIRM** the dismissal of his FCRA claim to the extent it is based on § 1681s–2(b), but we **REMAND** this claim with directions for the district court to consider whether the dismissal should be modified to be without prejudice and with leave to amend. We **REVERSE** and **REMAND** for further proceedings the dismissal of Plaintiff's claims of intentional infliction of emotional distress and fraud. We **GRANT**

Plaintiff's motion to proceed *in forma pauperis* on appeal.  Each party is to bear its own

costs on appeal.  *See Lyon Dev. Co. v. Bus. Men's Assurance Co. of Am.*, 76 F.3d 1118,

1127 (10th Cir. 1996).

               Entered for the Court


               Monroe G. McKay
               Circuit Judge